[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10539
Non-Argument Calendar
_____

D.C. Docket No. 1:98-cr-00537-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOMINGO CASTANO,
a.k.a. Antonio Rivera,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 31, 2016)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Domingo Castano appeals his sentence of 12 months of imprisonment , which was imposed following the revocation of his supervised release. *See* 18 U.S.C. § 3583. Castano argues that his sentence is procedurally and substantively unreasonable. We affirm.

The district court committed no procedural error when sentencing Castano. Even if we were to assume that the district court had to consider a 90-month sentence that Castano served for a drug offense he committed after violating his supervised release, the district court did so. The district court stated that it "considered the statements of the parties" in fashioning an appropriate sentence, which included Castano's request for a sentence of time served because of his 90-month sentence.

Castano's sentence of 12 months is substantively reasonable. As the district court recounted, Castano was convicted of "filing a false statement in an application for a passport" while on probation for "a prior conviction for grand theft, resisting, and obstruction without violence." After Castano "made [the] conscious decision" to violate the conditions of his supervised release by failing to report to his probation officer, to submit monthly supervision reports, and to report a change of address or his whereabouts, he absconded to Mississippi, where later he committed the "far more serious federal offense" of "possession with intent to distribute marijuana." And, the district court recalled, Castano's conviction failed

2

to account for his use of a "false birth certificate to obtain a Florida identification card, a Florida driver's license and a voter's registration card." The district court considered "the 3553(a) factors" and selected a sentence that addressed Castano's "history and characteristics" and that was intended to deter him from committing future similar crimes and to protect the public from his escalating criminal conduct. *See id.* §§ 3583(e), 3553(a)(1), 3553(a)(2)(B), 3553(a)(2)(C). The district court reasonably determined that a sentence to a term 5 months above Castano's advisory guideline range of 1 to 7 months was necessary to satisfy the sentencing factors. Based on Castano's flagrant violation of his probation and the disregard that he exhibited for the rule of law, we cannot say that "we are left with the definite and firm conviction that the district court committed a clear error of judgment" by imposing a sentence above the recommended sentencing range. *See United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)). The decision to vary upward was not an abuse of discretion.

We **AFFIRM** Castano's sentence.